### Commonwealth ex rel. Cody *v.* Smith, Warden, et al.

Argued May 24, 1937.  Before KEPHART, C. J., SCHAF-FER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Herbert L. Maris,* for petitioner.

*Louis Kaufman,* with him *Charles J. Margiotti,* Attorney General, *Edward P. Friedman,* Deputy Attorney General, *Andrew T. Park,* District Attorney, and *George F. P. Langfitt,* First Assistant District Attorney, for respondent.

OPINION BY MR. JUSTICE BARNES, July 7, 1937:

Martin P. Cody, who is now imprisoned in the Penitentiary for the Eastern District of Pennsylvania,[1] has filed this petition for a writ of habeas corpus, averring that he is being ". . . unlawfully restrained and deprived of his liberty."

On the night of September 26, 1924, Cody entered a store in Allegheny County and stole therefrom twelve coats and fifteen suits of clothes.  On December 5, 1924, he was tried and found guilty of felonious entry and larceny, and was sentenced by the Quarter Sessions Court of Allegheny County to pay a fine of six and a quarter cents, to pay the costs of prosecution, and to undergo an imprisonment of not less than five years nor more than ten years.  On February 5, 1930, after serving two months in excess of the minimum term of five years, Cody was released on parole.

---

[1] He was transferred to the Eastern Penitentiary from the Western Penitentiary on April 9, 1932.

On August 15, 1931, approximately three years prior to the expiration of his parole, and a year and some months subsequent to his release from confinement, Cody assaulted and robbed one Thomas McCleery of three dollars. For this offense Cody was indicted in the Court of Oyer and Terminer for Allegheny County. The indictment in language that closely adheres to Section 100 of the Act of March 31, 1860, P. L. 382, as amended by Section 1 of the Act of April 18, 1919, P. L. 61, charged that Cody "with force and arms, in and upon Thomas McCleery, feloniously did make an assault, and did then and there feloniously beat, strike and ill-use the said Thomas McCleery and do violence to said Thomas McCleery, and the sum of three dollars . . . of the goods, chattels and property of the said Thomas McCleery, from the person of the said Thomas McCleery, feloniously did rob, seize, steal, take and carry away, contrary, etc., etc."

Cody was found guilty as indicted, on March 15, 1932, and was sentenced as follows: ". . . to pay a fine of $6\frac{1}{4}$ cents, the costs of prosecution, and to undergo an imprisonment of not less than 20 years nor more than 40 years in the Western Penitentiary, this sentence to begin and take effect at expiration of sentence at No. 52, November Term, 1924 (violation of parole)."

The penalty prescribed by Section 100 of the Act of March 31, 1860, as amended, supra, for the offense known as robbery with aggravating circumstances, is "a fine not exceeding five thousand dollars and . . . imprisonment . . not exceeding twenty years." An increase in sentence for a second or subsequent offense is authorized by the Act of April 29, 1929, P. L. 854. It is provided by Section 1 of this Act, that for "a second offense committed within five years[2] after the first of-

---

[2] In computing the five-year period, Section 3 of the Act excludes any period of imprisonment of a person within or without the Commonwealth. It specifically provides: "It is hereby de-

fense, . . . [any person may] be sentenced to imprisonment for a term the maximum of which shall not be more than twice the longest term prescribed upon a first conviction for the crime in question." Robbery is one of the offenses enumerated in this Section of the Act to which the increase in sentence applies.

Cody contends that his sentence of March 15, 1932, was improper and excessive because (1) it does not disclose that it was imposed as a second offense under the Act of 1929; (2) the penalty imposed upon him should have been that prescribed by Section 102 of the Act of March 31, 1860, supra, rather than that fixed by Section 100 (as amended) of the same Act.[3] Two narrow questions are presented by this petition. Is it necessary that a sentence imposed for a second offense state that it is increased by reason of the provisions of the Act of 1929? Was the petitioner guilty of robbery with aggravating circumstances (Section 100 of the Act of 1860), or of the lesser offense known as simple robbery (Section 102 of the same Act)? If guilty under the former section, the term of imprisonment of forty years is proper, because the maximum term provided by Section 100 is twenty years. If guilty of simple robbery merely, petitioner's term cannot exceed ten years, double the maximum term of five years prescribed by Section 102 of the Act.

In our opinion Cody's first objection is without merit. The Act of 1929, supra, by its terms imposes no require-

---

clared that the intent . . . is that said five-year periods shall run only during the time any such person was at liberty."

[3] Under Section 100 of the Act of 1860, supra, (as amended) the penalty prescribed is "a fine not exceeding five thousand dollars and imprisonment *not exceeding twenty years.*" This section of the Act defines the crime known as "robbery with aggravating circumstances." A lesser crime is defined in Section 102 of the same Act which is known as "simple robbery," for which the penalty is "a fine not exceeding one thousand dollars and imprisonment *not exceeding five years.*"

ment that sentences increased thereunder specifically disclose that such extended term is imposed in accordance with that Act. Section 5 of the Act unquestionably indicates that such requirement does not exist. It says, "A person need not be formally indicted and convicted as a previous offender in order to be sentenced under this Act." If the legislature has seen fit to eliminate notice of the applicability of the Act from the indictment and conviction, the defendant may not complain because the sentence does not specifically indicate that it is imposed under the provisions of the Act of 1929. Particularly is this true where such increase is apparent on the face of the sentence. No motives of public policy exist to induce us to hold otherwise. It seems to us that neither the protection of society against habitual criminals nor the safeguarding of the rights of the accused, make necessary any specific reference to the Act of 1929, either before or after conviction.

In connection with his second objection, petitioner contends that the greater sentence for robbery is improper where the accused was not armed with "an offensive weapon or instrument." Under the provisions of Section 100 of the Act of 1860, as amended by the Act of 1919, supra, three sets of circumstances constitute aggravated robbery. First, if the defendant be armed with a weapon; second, if the robbery be committed in company with one or more persons; third, if the defendant at the time of the robbery, or immediately before or after such robbery, shall beat, strike or ill-use any person, or do violence to the person robbed.

While it is conceded that petitioner was unarmed at the time the offense was committed, we do not agree that "being armed with an offensive weapon or instrument" is an essential element of this crime. It is one of *three separate attendant circumstances, under which the offense may be committed.* If the possession of an offensive weapon is necessary to sustain a conviction under this section, the specific references therein to the com-

mission of robbery in company with another, or the doing of violence to any person, are meaningless. The construction urged by petitioner disregards the plain language of the section itself. According to the record, the robbery here was committed with force and violence upon the person of McCleery, and falls therefore within the third classification or circumstance under which the crime of aggravated robbery may occur.

This construction was adopted by the Superior Court in *Com. v. Dolinak*, 86 Pa. Superior Ct. 455, 457, where the defendant, while unarmed, committed robbery in the company of another person. A sentence imposed under Section 100 of the Act of 1860 was affirmed. The Court said (p. 457) : "The 100th section . . . as amended . . . fixes the maximum penalty at 20 years. The two sections [viz.: Sections 100 and 102] differ in several respects but as far as this case is concerned, we need but observe that Section 100 contains a provision that the Section shall apply when the crime is committed 'together with one or more person or persons.' The only question before us is 'Did the indictment sufficiently charge that the defendants committed the crime jointly?' If so, a sentence under Section 100 was proper. . . ."[4]

After a careful consideration of the questions raised by this petition, we are convinced that sentence was properly imposed upon the petitioner. The increase of the sentence as provided by the Act of 1929, supra, was justified because the second crime of which the

---

[4] See also *Commonwealth v. Desmond*, 17 D. & C. 327, where it was said: "The indictment fails to charge that the defendant was armed with an offensive weapon or that he was in company with one or more persons at the time the robbery was committed but does charge that the defendant feloniously and violently did rob, steal, take and carry away from C. J. Klump the sum of $162.43. . . . The question is does the indictment charge a violation of this section? We are of opinion that it does. *It will be noted that any one of the three provisions will bring the crime of robbery within this section.*"

petitioner was convicted, was committed within the five years contemplated by the Act, and is one to which the Act specifically applies.

The rule to show cause granted upon the petition for the writ is dismissed.