Commonwealth ex rel. Collins, Appellant, *v.* Ashe.

Submitted September 30, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

554

Harry Collins, appellant, in propria-persona.

*Artemas C. Leslie*, District Attorney, and *Louis L. Kaufman*, for appellee.

OPINION BY BALDRIGE, P. J., October 30, 1946:

This is an appeal from an order of the court below dismissing appellant's petition for a writ of habeas corpus.

The appellant pleaded guilty in the Court of Quarter Sessions of Allegheny County to an indictment at No. 533 May Sessions 1931 charging breaking and entering with an intent to steal (Sec. 2, Act of April 22, 1863 P. L. 531, as amended by the Act of March 13, 1901, P. L. 49) and was sentenced as follows: "And now, May 25, 1931, defendant sentenced to . . . undergo an imprisonment of not less than 5 years or more than 20 years in the Western Penitentiary. . . . This sentence pursuant to Act of Assembly approved April 29, 1929, (No. 373)." [1]

---

[1] "Any person who, after having been convicted within or without this Commonwealth of the crime, or attempt to commit the crime, of treason, murder, voluntary manslaughter, sodomy, buggery, burglary, entering with intent to steal, robbery, arson, mayhem, kidnapping, sale of narcotics, perjury, abortion, pandering, incest, or any offense committed or attempted to be committed through the instrumentality of or with the aid of a deadly weapon or gunpowder or other explosive substance or corrosive fluid, may, upon conviction of any of such crimes for a second offense committed within five years after the first offense, or subsequent offense committed within five years after the prior offense, be sentenced to imprisonment for a term the maximum of which shall not be more than twice the longest term

The appellant contends that insofar as the above sentence exceeded 10 years—the maximum authorized by the Act of 1863, supra, as amended—it was illegal, and, since he has already served ten years of that sentence, he is entitled to discharge. This contention is based upon two propositions, viz., (1) the appellant was neither accused formally by indictment or otherwise of circumstances to which Section 1 of the Act of 1929, supra, is applicable nor informed prior to or at the time of sentence that judgment would be given pursuant thereto, and (2) the procedure employed deprived him of his right to trial by a jury on the issues of fact which must be determined before a sentence may be legally increased under that section.

It is unnecessary, under the circumstances of this case, to decide the basic questions raised, except to observe that a formal indictment was not an indispensable requisite to a valid increase of a sentence under Section 1, supra. Section 5 of the Act of 1929, supra;[2] *Com. ex rel. Cody v. Smith,* 327 Pa. 311, 193 A. 38.

The court below found that the sentencing judge was informed by the District Attorney prior to the judgment, of facts which justified increasing the sentence under Section 1, supra. A careful examination of the record discloses support for that conclusion. Indeed, the appellant neither denied in his petition for the writ nor has he denied in this court the existence of facts essential for the application of Section 1, supra. Furthermore, examination of a copy of an application for parole filed by the appellant in his own handwriting and signed by him discloses convictions of offenses enumerated in Section 1 within 5 years prior to con-

---

prescribed upon a first conviction for the crime in question." Section 1, Act of April 29, 1929, P. L. 854, 19 PS. 921. Repealed by the Penal Code of 1939, P. L. 872, and substantially reenacted by Section 1108, thereof, 18 PS 5108.

[2] Now Section 1108 (e) of the Penal Code of 1939, supra, 18 PS 5108 (e).

556

viction of the offense upon which the sentence here challenged was imposed. Therefore, even if the appellant's propositions were accepted, the error, under the circumstances here present, was harmless. *Com. ex rel. Dugan v. Ashe,* 342 Pa. 77, 19 A. 2d 461, certiorari denied 314 U. S. 610, 314 U.S. 712, rehearing denied, 347 Pa. 588, 33 A. 2d 32.

For the sole purpose of achieving procedural uniformity, it is suggested that hereafter when it is desired to increase a sentence by authority of Section 1108(a), (b) of the Penal Code of 1939, P. L. 872, 18 PS 5108 (a), (b), the general procedural principles of Section 1108 (d), 18 PS 5108 (d) be observéd and followed. The record will then be complete and self sustaining and obviate unnecessary litigation.

The appeal is dismissed.