**UNITED STATES ex rel. COLLINS v. ASHE, Warden.**

No. 140.

District Court, W. D. Pennsylvania.

Jan. 7, 1948.

Leonard H. Levenson, of Pittsburgh, Pa., for relator.

Louis L. Kaufman, Asst. Dist. Atty., of Pittsburgh, Pa., for respondent.

GIBSON, District Judge.

The Court, after hearing and consideration, makes the following Findings of Fact and Conclusions of Law:

Findings of Fact.

1. Prior to sentence of five to twenty years imprisonment by the Quarter Sessions Court of Allegheny County, the relator was notified by information or indictment of the charge which subjected him to the penalties of the Pennsylvania Habitual Criminals Act.

2. In applying for his parole under sentence of the Court of Quarter Sessions, the relator admitted to violations of law which subjected him to the penalties of the Habitual Criminals Act.

Conclusions of Law.

I. The writ of Habeas Corpus must be dismissed.

II. After the highest Appellate State Courts have passed upon the legality of the relator's imprisonment, the proper procedure is not to the District Court, but to the United States Supreme Court for a writ of certiorari.

Discussion.

Pursuant to the petition of the relator, Harry Collins, a writ of Habeas Corpus issued and hearing thereon followed.

Some days prior to hearing counsel was appointed by whom the contentions of the relator were carefully and well presented to the court, and by whom a brief was filed.

The subject matter presented by the petitioner for the writ was a technical criticism of the sentence of the Court of Quarter Sessions of Allegheny County. The defendant was indicted under a statute which provided a maximum sentence of ten years. The court was informed by the prosecuting attorney that defendant was guilty of a prior offense within a period of less than five years from the date of the present offense, and thereupon a sentence of not less than five nor more than twenty years was imposed. Section 1108 of Penn-

sylvania Criminal Code, Act of 1939, 18 P. S. § 5108(a). At the time the relator was sentenced no formal information or indictment charged him with being a second offender under the Habitual Criminals Act, and the failure to so charge him is the basis of his petition for the writ.

The sentence was imposed on May 25, 1931. After parole and violation thereof the relator was returned to the Western State Penitentiary to serve the balance of his term. At Number 1623 April Term of the Court of Common Pleas of Allegheny County he filed a habeas corpus petition, having served the maximum imprisonment imposed for violation of the statute under which he had been indicted. The Court of Common Pleas dismissed the writ, and in 1946 the relator appealed to the Superior Court of Pennsylvania, which held that under subsection (a) of the Habitual Criminals Act the Commonwealth was not required to file an information or indictment charging the defendant with the commission of prior offenses subjecting him to the penalty of that act, and dismissed the appeal. Thereupon the relator filed a further appeal in the Supreme Court of Pennsylvania, which also dismissed the appeal.

■ The facts in the instant matter parallel those in Com. ex rel. Dugan v. Ashe, 342 Pa. 77, 19 A.2d 461, except that in the Dugan case the defendant sought a review of the case by certiorari in the Supreme Court of the United States. Dugan's case was more serious than that of the present relator, as he was charged under a section of the act which required notice and which carried an imprisonment for life. In that case, as in this, there was an admission of the deeds which led to the penalty, and the State Court held that it would be idle to send the case to the sentencing court to establish the facts which were definitely admitted. The Supreme Court of the United States refused to review the case upon certiorari. Com. ex rel. Dugan v. Ashe, 314 U.S. 610, 62 S. Ct. 69, 86 L.Ed. 491; 314 U.S. 712, 62 S.Ct. 294, 86 L.Ed. 567. In the instant case the relator, when applying for parole, had set forth his prior record in which he admitted the facts which subjected him to the term fixed by the Habitual Criminals Act.

■ In addition to the admissions of liability, mentioned supra, another reason exists which must cause this court to dismiss the writ. When the subject matter of a writ has been before the highest appellate courts of a State the proper procedure is to apply to the Supreme Court of the United States for a writ of certiorari, and not to a District Court for a writ of habeas corpus.

The Writ of Habeas Corpus must be dismissed.