**UNITED STATES ex rel. COLLINS v. ASHE, Warden.**

**No. 140.**

United States District Court
W. D. Pennsylvania.

Nov. 9, 1948.

Leonard H. Levenson, of Pittsburgh, Pa., for appellant.

John F. Murphy and Craig T. Stockdale, both of Pittsburgh, Pa., for respondent.

GIBSON, District Judge.

The Court, after further hearing and consideration, makes the following Findings of Fact and Conclusions of Law:

### Findings of Fact.

1. The petitioner, Harry Collins, pleaded guilty in the Court of Quarter Sessions of Allegheny County, Pennsylvania, to an indictment at No. 533 May Sessions, 1931, charging breaking and entering with an intent to steal. Section 2, Act of April 22, 1863, P.L. 531, as amended by the Act of March 13, 1901, P.L. 49.

2. The Act violated provided a maximum term of imprisonment of ten years.

3. On May 25, 1931, petitioner was sentenced by the above mentioned Court to "* * * undergo an imprisonment of not less than 5 years or more than 20 years in the Western Penitentiary * * *. This sentence pursuant to Act of Assembly approved April 29, 1929, No. 373." Habitual Criminals Act, 19 P.S.Pa. § 921 et seq.

4. Prior to his sentence the petitioner was not notified by information or indictment of the charge which subjected him to the penalties of the Pennsylvania Habitual Criminals Act.

5. Petitioner was represented by counsel at the time of his sentence.

6. No appeal was taken from this sentence.

7. In applying for his parole in 1936 the petitioner admitted to violations of law which subjected him to the penalties of the Habitual Criminals Act.

8. After being paroled on November 25, 1940, petitioner was convicted in Wisconsin, April 20, 1942, on a charge of burglary and was sentenced to serve a term of from 1 to 5 years.

9. Having been declared delinquent by the Supervisor of Paroles in 1941, the petitioner was returned to the Western Penitentiary on January 7, 1946, after the completion of his term in the Wisconsin institution, by the Oyer and Terminer Court of Allegheny County to complete the sentence under the Habitual Criminals Act.

10. On February 1, 1946, Harry Collins filed a petition for a Writ of Habeas Corpus in the Court of Common Pleas for Allegheny County, alleging that he had been deprived of his liberty without due process of law as provided by the 14th Amendment to our Constitution.

11. The Common Pleas Court's denial of the Writ was affirmed by the Superior Court in October 1946 in Commonwealth ex rel. Collins v. Ashe, 159 Pa.Super. 553, 49 A.2d 265.

12. After the Pennsylvania Supreme Court denied his appeal, without an opinion, petitioner sought relief in this court.

13. In an order made by this Court on January 7, 1948, 74 F.Supp. 987, the petition of Harry Collins for a Writ of Habeas

Corpus was denied on the grounds that he had not exhausted his state remedies.

14. An appeal was taken from this order and the Circuit Court of Appeals has remanded the case for further proceedings.

### Conclusions of Law.

I. The Pennsylvania Courts in denying the Writ decided a federal question.

II. After the highest appellate state courts have passed upon the federal question in a habeas corpus proceeding, the normal procedure is not to the District Court but to the United States Supreme Court for a Writ of Certiorari.

III. The circumstances of this case do not warrant our departing from the normal procedure.

IV. The petition for Writ of Habeas Corpus must be denied.

### Opinion.

Within the past few years the Supreme Court of the United States has handed down a number of opinions wherein the practice of some state courts and state officers was criticized in respect to their criminal procedure. The perhaps unforeseen result was a flood of Habeas Corpus petitions in the district courts by prisoners in state penitentiaries. A number of them ended in the Supreme Court by means of writs of certiorari. The decisions of that Court which followed, although doubtless consistent when properly interpreted, seemed to many lower courts to be conflicting and led to many misconceptions and doubts which still exist. Some of them, so far as this court is concerned, will later be mentioned.

The instant petition is not untypical of the recent cases filed in this court. The failure to observe due legal procedure, as alleged, occurred fifteen years prior to the relator's petition for the writ in the Court of Common Pleas. The relator was charged with violation of a statute having a total penalty of ten years. On being called for sentence the trial court was informed that the defendant was liable to imprisonment under the Habitual Criminals Act, 19 P.S.Pa. § 921 et seq., and proceeded to impose a sentence of five to twenty years, referring only to the date of the Act of Assembly imposing the extra penalty. No notice whatsoever was given to defendant that he was charged with being an habitual criminal. *This failure of notice was the sole reason for the writ of habeas corpus which issued pursuant to relator's prayer.*

This Court, in January of this year, filed an order dismissing the writ. 74 F.Supp. 987. The Circuit Court of Appeals, on appeal, holding that the record failed to show whether or not the petitioner had exhausted his State remedy, vacated the order and remanded the cause "to the end that the court below may supplement the record by receiving such further evidence as may be necessary * * *." A further hearing was held and we trust the record is now sufficient. As originally submitted, the findings of fact were incomplete.

In the Per Curiam opinion of the Circuit Court of Appeals reference was made to its opinion, Application of Samuel Baer, et al., 3 Cir., 169 F.2d 770, filed August 16, 1948, as setting forth the criteria for the determination of whether or not a petitioner had exhausted his State remedy in habeas corpus. That case held, in substance, that even when the State court had mentioned only the state statute as reason for dismissing a habeas corpus writ, but when such action could not be taken without actually passing upon the federal question, that action was a disposition of the federal issue, and was final in an appellate court. The Circuit Court of Appeals, so holding, and making mention of the modifying case of Wade v. Mayo, 334 U.S. 672, 68 S.Ct. 1270, decided June 14, 1948, held that the petitioners, not having sought a review by certiorari in the Supreme Court of the United States, were precluded from securing the writ in the District Court. In this finding it followed the old rule long in force before it seemed to be partially modified by Wade v. Mayo, supra.

In remanding the present matter for further evidence as to whether or not the relator had exhausted his rights in the State courts, the Circuit Court of Appeals stated:

"If, upon reconsideration, the court is of the opinion that the petitioner has exhausted his state remedy the court should proceed to consider the merits of the petitioner's application under the law of Pennsyl-

vania as exemplified in Commonwealth ex rel. Arnold v. Ashe, 156 Pa. Super. 451, 40 A.2d 875."

Whether this statement was intended as a direction or a suggestion, it created some embarrassment, particularly when considered in connection with Wade v. Mayo, supra. Commonwealth ex rel. Arnold v. Ashe, supra, held that one charged with being an habitual criminal under the Pennsylvania statute was entitled to have due notice of the charge and, in effect, that the failure to give notice was the failure to follow the due forms of law. And no proper notice of the charge was given the relator in the instant case.

This court had reached the conclusion that the State remedy had been exhausted, in which it was strengthened by Application of Baer et al., supra. In his application to the Court of Common Pleas the only vital part was the allegation of lack of notice and the failure to observe due process of law. Consequently, the Court of Common Pleas in passing upon the petition, and the Superior Court and the Supreme Court of Pennsylvania in denying the appeals of the relator, had no issue before them except the federal question. Our present findings of fact indicate this, and show that the relator had exhausted his State remedies.

Obeying the direction, or suggestion, of the Circuit Court of Appeals, we take up the embarrassing question of whether this court shall undertake to set aside judgments of appellate courts of Pennsylvania. True, Commonwealth ex rel. Arnold v. Ashe, supra, seemingly contradicts the later ruling of the Superior Court in its decision upon the federal question involved in the present case (159 Pa.Super. 553, 49 A.2d 265), and with no other finding would lead logically to a discharge of the petitioner, but the subsequent denial of the writ by the Superior Court in Commonwealth ex rel. Collins v. Ashe, 159 Pa.Super. 553, 49 A.2d 265, does not stand alone. In the opinion it appears that the petitioner, in his application for parole filed in 1936, had formally admitted the facts which subjected him to the Habitual Criminals Act. By reason of his admission of the facts, the Court held that the error in sentencing was harmless.

A like finding by the Supreme Court of Pennsylvania is to be found in Commonwealth ex rel. Dugan v. Ashe, 342 Pa. 77, 19 A.2d 461, in which case a certiorari was denied, 314 U.S. 610, 62 S.Ct. 69, 86 L.Ed. 491; Id., 314 U.S. 712, 62 S.Ct. 294, 86 L. Ed. 567. In such case the Court felt that it would be idle to remand the petitioner to the lower court for re-sentence.

Two appellate courts of Pennsylvania, uniting in opinions as to the curative value of formal admissions of fact which tend to contradict the rights of petitioners to a discharge, this Court feels that it must accept those rulings as establishing the law of the state under the circumstances. A remand of the petitioner to the Court of Common Pleas, in view of these decisions, would be a mere gesture. That court would have the remanded prisoner, with the finding of this court, but would be bound by Commonwealth ex rel. Dugan v. Ashe, supra, and Commonwealth ex rel. Cody v. Smith, 327 Pa. 311, 193 A. 38, and the specific finding of the Superior Court in the present case. The order of this court would not require his discharge. While discussing Commonwealth ex rel. Arnold v. Ashe, supra, it might be well to keep in mind that that case was reported prior to the instant case and not subsequent to it. Despite perhaps more accurate reasoning therein, it seems somewhat out of line to base a practical reversal of a later case upon the reasoning of an earlier one.

While this court has the utmost respect for the Circuit Court of Appeals, and desires to follow its suggestions, it is felt that some misapprehension of the facts existed when the Per Curiam opinion was filed by it, and, so thinking, it is our desire to follow the practice of that court rather than to attempt to carry out a possibly ambiguous direction by it. In doing so, this court, as was intimated by the Circuit Court (Application of Baer et al., supra) feels that Wade v. Mayo does not preclude it from following the old rule that after state remedies have been exhausted, the proper remedy is by certiorari to the Supreme Court.

It will be remembered that the Supreme Court does not issue the writ as of course, but will consider reasons urged by the state court for failure to issue the Habeas Cor-

pus writ. It did so, and refused the certiorari in Commonwealth ex rel. Dugan v. Ashe, 342 Pa. 77, 19 A.2d 461, a case parallel to the instant case.

The refusal of the prayer of the petitioner in the instant case is based upon the belief that certiorari to the Supreme Court is the proper procedure in this type of case.

### Order.

And now, to wit, November 9, 1948, the petition of the United States ex rel. Harry Collins, having come on to be heard, upon consideration thereof it is ordered and adjudged that the said petition be, and hereby is, dismissed and discharged, and that said Harry Collins be, and hereby is, remanded to the custody of the Western Penitentiary of Pennsylvania.