**UNITED STATES ex rel. COLLINS v. ASHE.**

No. 9852.

United States Court of Appeals
Third Circuit.

Submitted April 22, 1949.
Decided Aug. 9, 1949.

See also 3 Cir., 175 F.2d 555.

Appellant filed his own brief and appendix.

Craig T. Stockdale, Assistant District Attorney, Pittsburgh, Pa., for appellee.

Before BIGGS, Chief Judge, and McLAUGHLIN and O'CONNELL, · Circuit Judges.

BIGGS, Chief Judge.

This is the second time that this case has come before us on appeal. On the first occasion, on August 24, 1948, pursuant to our opinion, 175 F.2d 555, we vacated the order of the court below denying the petitioner's application· for a writ of habeas corpus and remanded the cause so that an adequate record might be made in the court below to the end that that court and this tribunal might be able to determine whether or not the petitioner had exhausted his State remedy in the habeas corpus proceeding which he had instituted in the Court of Common Pleas of Allegheny County, Pennsylvania, Commonwealth ex rel. Collins v. Ashe, 159 Pa.Super. 553, 49 A.2d 265. In our opinion we directed that the question presented by the petitioner was to be determined in the light of our decision in Application of Baer, 3 Cir., 169 F.2d 770.

Following the remand, certain documents, both originals or copies of originals, including the petition of Collins for habeas corpus filed in the Court of Common Pleas of Allegheny County and the indictment on which Collins was found guilty, were presented, apparently to the court· below but were not received in evidence or marked as exhibits. The documents referred to or copies of them were forwarded to this court, not as part of the certified record, but informally with a covering letter signed by the clerk of the United States District Court for the Western District of Pennsylvania and addressed to the clerk of this court. The documents referred to prob-

ably would justify the order of the court below discharging the writ, entered following the remand: indeed the documents referred to seem, to a large extent, to have constituted the basis for the order of the court below now appealed from. See 80 F. Supp. 914.

■ It is so well established as not to require discussion, however, that a district court of the United States must base its decision on evidence actually in the record of the case and that an appellate tribunal cannot base an adjudication on items of evidence informally offered to the trial court and, though apparently read by it, not made part of the record.

■ Accordingly, the order of the court below will be vacated for the second time and the case will be remanded again to the United States District Court for the Western District of Pennsylvania with the direction to that court to receive in evidence and to have duly marked as exhibits, if properly admissible under the rules of evidence, the original documents referred to, or certified copies thereof, including any other evidence on which the United States District Court for the Western District of Pennsylvania may properly base its judgment and, having done so, to reconsider the case on the basis of this and all other pertinent evidence.