UNITED STATES ex rel. COLLINS v. ASHE, Warden.

No. 140.

United States District Court
W. D. Pennsylvania.

May 1, 1950.

Gilbert Helwig, Pittsburgh, Pa., for petitioner.

GOURLEY, District Judge.

This is an habeas corpus proceeding arising out of a state prosecution.

In this court the proceedings were heretofore heard by the Honorable Robert M. Gibson, now deceased. In accordance with Rule 63 of the Federal Rules of Civil Procedure, 28 U.S.C.A., I will adopt the record made before Judge Gibson.

On August 9, 1949 the United States Court of Appeals, Third Circuit, 176 F.2d 606, 607, vacated the Order of Judge Gibson and remanded the proceeding with the following directive: "Accordingly, the order of the court below will be vacated for the second time and the case will be remanded again to the United States District Court for the Western District of Pennsylvania with the direction to that court to receive in evidence and to have duly marked as exhibits, if properly admissible under the rules of evidence, the original documents referred to, or certified copies thereof, including any other evidence on which the United States District Court for the Western District of Pennsylvania may properly base its judgment and, having done so, to reconsider the case on the basis of this and all other pertinent evidence."

Full and complete opportunity has been given the petitioner to submit any testimony desired in accordance with the mandate of the Circuit Court.

Judicial knowledge will be taken of all records and proceedings in either the state or federal courts which relate to the petitioner's claim for relief. In addition, said records have been admitted in evidence and are marked as Exhibits:

Petitioner's Exhibit No. 1—Record of Proceedings, 533 May Sessions 1931, Court of Quarter Sessions, Allegheny County, Pennsylvania.

Commonwealth's Exhibit "A"—Application for Parole to the Board of Trustees of Western State Penitentiary of Pennsylvania, dated Jan. 17, 1936.

Commonwealth's Exhibit "B"—Record of proceedings of the New Haven County Superior Court, State of Connecticut.

Commonwealth's Exhibit "C"—Record of proceedings in the County of Winnebago, State of Wisconsin.

Commonwealth's Exhibit "D"—Record of proceedings in the Court of Common Pleas of Allegheny County, Pennsylvania, more particularly the habeas corpus action, No. 1623 April Term, 1946.

Commonwealth's Exhibit "E"—Record of proceedings in the Superior Court of Pennsylvania, habeas corpus action, No. 1623 April Term, 1946.

Commonwealth's Exhibit "F"—Record of proceedings in the Supreme Court of Pennsylvania, habeas corpus action, No. 1623 April Term, 1946.

Commonwealth's Exhibit "G"—Record of proceedings in the Supreme Court of the United States, habeas corpus action, No. 1623 April Term, 1946.

Commonwealth's Exhibit "H"—Record of proceedings of the Parole Board of the Commonwealth of Pennsylvania.

The Court has considered all the records in this jurisdiction and in the United States Court of Appeals for the Third Circuit. In chronological order the same are as follows:

(a) Denial of petition for writ of habeas corpus. D.C., 74 F.Supp. 987.

(b) Order vacating and remanding to District Court. 3 Cir., 175 F.2d 555.

(c) Order of denial of petition for writ of habeas corpus. D.C., 80 F.Supp. 914.

(d) Order vacating and remanding to District Court. 3 Cir., 176 F.2d 606.

The writ must be discharged since the petitioner did not apply for writ of certiorari to the Supreme Court of the United States from the denial of the habeas corpus proceeding by the Supreme Court of Pennsylvania. Darr, Petitioner, v. Burford, Warden, Oklahoma State Penitentiary, 339 U.S. 200, 70 S.Ct. 587.

The Court makes the following Findings of Fact and Conclusions of Law:

### Findings of Fact

1. The petitioner, Harry Collins, pleaded guilty in the Court of Quarter Sessions of

Allegheny County, Pennsylvania, to an indictment at No. 533 May Sessions, 1931, charging breaking and entering with an intent to steal. Section 2, Act of April 22, 1863, P.L. 531, as amended by the Act of March 13, 1901, P.L. 49, 18 P.S. § 3042.

2. The Act violated provided a maximum term of imprisonment of ten years.

3. On May 25, 1931, petitioner was sentenced by the above mentioned Court to " * * * undergo an imprisonment of not less than five years or more than twenty years in the Western Penitentiary * * *. This sentence pursuant to Act of Assembly approved April 29, 1929, No. 373." Habitual Criminals Act, 19 P.S.Pa. § 921 et seq.

4. Prior to his sentence the petitioner was not notified by information or indictment of the charge which subjected him to the penalties of the Pennsylvania Habitual Criminals Act.

5. Petitioner was represented by counsel at the time of his sentence.

6. No appeal was taken from this sentence.

7. In applying for his parole in 1936 the petitioner admitted to violations of law which subjected him to the penalties of the Habitual Criminals Act.

8. After being paroled on November 25, 1940, petitioner was convicted in Wisconsin, April 20, 1942, on a charge of burglary and was sentenced to serve a term of from one to five years.

9. Having been declared delinquent by the Supervisor of Paroles in 1941, the petitioner was returned to the Western Penitentiary on January 7, 1946, after the completion of his term in the Wisconsin institution, by the Oyer and Terminer Court of Allegheny County to complete the sentence under the Habitual Criminals Act.

10. On February 1, 1946, Harry Collins filed a petition for a Writ of Habeas Corpus in the Court of Common Pleas for Allegheny County, alleging that he had been deprived of his liberty without due process of law as provided by the 14th Amendment to our Constitution.

11. The Common Pleas Court's denial of the Writ was affirmed by the Superior Court in October 1946 in Commonwealth ex rel. Collins v. Ashe, 159 Pa.Super. 553, 49 A.2d 265.

12. After the Pennsylvania Supreme Court denied his appeal, without an opinion, petitioner sought relief in this court.

13. No application was filed with the Supreme Court of the United States for writ of certiorari from the denial of the petition for writ of habeas corpus by the Supreme Court of Pennsylvania.

14. In an order made by this court on January 7, 1948, 74 F.Supp. 987, the petition of Harry Collins for a writ of habeas corpus was denied on the ground that he had not exhausted his state remedies.

15. An appeal was taken from this court and the Circuit Court of Appeals remanded this case for further proceedings. 176 F. 2d 606.

16. The Court has taken judicial knowledge of all records in either the state or federal jurisdiction relative to the claim of the petitioner.

17. All records which relate to the initial state action and the basis for the sentence imposed, and the present confinement of the petitioner, have been admitted in evidence and are now part of the record of this proceeding.

18. In addition to the foregoing, a full and complete opportunity has been given to the petitioner to testify and introduce any records which were desired.

## Conclusions of Law

1. Since the petitioner did not apply for writ of certiorari to the Supreme Court of the United States from the denial of the habeas corpus action by the Supreme Court of Pennsylvania, the petitioner has not exhausted his remedies under state law.

2. The petition for writ of habeas corpus must be denied.