**UNITED STATES ex rel. COLLINS v. CLAUDY, Warden.**

No. 140.

United States District Court
W. D. Pennsylvania.

July 23, 1952.

Gilbert Helwig, of Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for petitioner.

Albert A. Fiok, Asst. Dist. Atty., Pittsburgh, Pa., for the Commonwealth of Pennsylvania.

GOURLEY, Chief Judge.

This is a habeas corpus proceeding arising out of a state prosecution.

Petitioner has filed divers applications and petitions before the State and Federal courts since May 25, 1931. In order that a complete and thorough understanding can be presented as to the background of this proceeding and to bring about a final adjudication of the question which exists, it is necessary to set forth in some detail the circumstances.

Petitioner, Harry Collins, plead guilty in the Court of Quarter Sessions of Allegheny County, Pennsylvania, on May 25, 1931, to a charge of a felonious breaking and entering with intent to steal. The maximum term of imprisonment under the provisions of law was ten years, Section 2 Act of April 22, 1863, P.L. 531, as amended by the Act of March 13, 1901, P.L. 49, 18 Penna. Purdon's Statutes, § 3042. This section of the Criminal Code which had application on the date of the offense committed by petitioner was consolidated by act of legislature in the Commonwealth of Pennsylvania with the offense of breaking and entering in the night time. 18 Pa.P.S. § 4901.

The court, before whom the plea was entered, sentenced the petitioner to undergo an imprisonment of not less than five years or more than twenty years in the Western State Penitentiary. The sentence carried the following notation:

"This sentence is imposed pursuant to Act of Assembly approved April 29, 1929, P.L. 854 § 1, 19 Pa.P.S. § 921, and Act of June 24, 1939, P.L. 872 § 1108, 18 Pa.P.S. § 5108." (Said Act of Assembly is known as the Pennsylvania Habitual Criminal Act.)

Said Act provides that under certain conditions a person convicted of certain named crimes within five years of the date of the offense to which a plea is entered may be given double the maximum sentence.

The indictment to which the petitioner entered the plea in the Court of Quarter Sessions of Allegheny County, Pennsylvania, charged the defendant with unlawfully, wilfully and maliciously entering a place of business owned by Masi Lupori, and committing the crime of larceny on the 9th day of May, 1931.

The offense which the petitioner committed within five years from the date of the offense just mentioned occurred in the town of Meriden, County of New Haven, State of Connecticut, on the 18th day of June, 1929, in which the petitioner feloniously and burglariously did break and enter a building in the possession of Brooks Cut Rate Drug Company, with intent to commit the crime of theft. To this indictment the petitioner entered a plea of nolo contendere on October 3, 1929, and was sentenced to a penal institution in the State of Connecticut.

The crime which the petitioner committed in Connecticut was of the type designated in the Pennsylvania Habitual Criminal Act, and was within the period of five years from the date of the offense in Pennsylvania.

It is contended that the petitioner could not be sentenced as a second offender under the Pennsylvania Habitual Criminal Act of 1929 supra, where the previous conviction is based on the entry of a plea of nolo contendere. In my opinion, the contention is without merit.

█ A plea of nolo contendere has the same effect as a plea of guilty and a sentence pronounced upon that plea amounts to a conviction. The plea of nolo contendere is a mild form of pleading guilty and it has the same effect as a plea of guilty so far as concerns the proceedings upon the indictment. United States v. Dasher, D.C., 51 F.Supp. 805; Berlin v. United States, 3 Cir., 14 F.2d 497; Hudson v. United States, 3 Cir., 9 F.2d 825, affirmed 272 U.S. 451, 47 S.Ct. 127, 71 L.Ed. 347; United States v. Bradford, 2 Cir., 160 F.2d 729, certiorari denied 331 U.S. 829, 67 S.Ct. 1351, 91 L.Ed. 1844; United States v. Gallagher, D.C., 94 F.Supp. 640; 22 C.J.S., Criminal Law, § 425, p. 658.

█ The plea of nolo contendere which was entered by the petitioner in the County of New Haven, State of Connecticut, to the first count of the indictment in said jurisdiction, had the same effect as a plea of guilty, and the sentence pronounced upon said plea amounts to a conviction.

After the petitioner served nine years and six months of the sentence imposed in the Court of Quarter Sessions of Allegheny County, Pennsylvania, more particularly on November 25, 1940, he was paroled by the Parole Board of the Commonwealth of Pennsylvania.

On the 20th day of April, 1942, petitioner was sentenced by a court of competent jurisdiction in Winnebago County, Wisconsin, after a conviction by jury for the crime of unlawfully, wilfully and feloniously breaking into a building in the night time, with intent to commit the crime of larceny for an offense committed on the 20th day of January, 1942, within said jurisdiction, the sentence imposed being confinement to the Wisconsin State Penitentiary for a period of one to five years.

On August 3, 1943, the Board of Parole of the Commonwealth of Pennsylvania ordered the petitioner returned to the Western State Penitentiary of the Commonwealth of Pennsylvania, within the jurisdiction of this court, as a convicted violator after the fulfillment of the Wisconsin sentence. At the completion of his sentence in the State Penitentiary at Wisconsin, the petitioner was unsuccessful in his endeavor to evade extradition and was returned to the Western State Penitentiary of the Commonwealth of Pennsylvania on January 7, 1946. He was interviewed at said institution by representatives of the Pennsylvania Parole Board on February 4, 1946, and was formally recommitted to said institution by the Pennsylvania Parole Board on February 6, 1946. When recommitted to the institution, the petitioner owed ten years and six months back parole time with his maximum sentence to expire July 5, 1956.

On March 16, 1950, in view of the fact that petitioner had not exhausted his state remedies, and although a complete and exhaustive hearing was held, the court dismissed a similar habeas corpus proceeding for lack of jurisdiction and did not dispose of the questions raised on the merits. United States ex rel. Collins v. Ashe, Warden, D.C., 90 F.Supp. 463.

In view of the fact that previous hearings were held in this court on December 19, 1947, September 17, 1948 and March 16, 1950, it has been stipulated and agreed by petitioner and his counsel, and counsel for the respondent, that the present petition will be disposed of by incorporating and making part of the record all of the testimony which was offered at said previous hearings.

In addition thereto, the Court extended to the petitioner a full, complete and exhaustive opportunity to submit any additional oral or documentary testimony which was desired. The petitioner has expressed full, complete and absolute satisfaction with the procedure which has been followed by the Court, and the opportunity which has been given to him to make any statement or develop any facts which, in his judgment, should be considered in disposing of the instant matter.

█ Judicial knowledge will be taken of all records and proceedings in either the State or Federal courts which relate to the petitioner's claim for relief. In addition, said records have been admitted in evidence and are marked as Exhibits:

Petitioner's Exhibit No. 1—Record of proceedings, 533 May Sessions 1931, Court of Quarter Sessions, Allegheny County, Pennsylvania.

•Petitioner's Exhibit No. 2—Record of proceedings, 1906 January Term 1952, Court of Common Pleas of Allegheny County, Pennsylvania. An alleged similar proceeding.

Petitioner's Exhibit No. 3—Record of proceedings in the Supreme Court of Pennsylvania, Docket No. 1725 Miscellaneous. An alleged similar proceeding. (It has been stipulated and agreed by the petitioner and the District Attorney of Allegheny County, Pennsylvania, that the photostatic copies which have been admitted in evidence as Petitioner's Exhibit No. 3 are true and correct copies of the documents they purport to be and that an authentication of the exhibit is not required.)

Petitioner's Exhibit No. 4—Record of proceedings at No. 878 April Sessions 1941, Court of Quarter Sessions of Philadelphia County, Pennsylvania. An alleged similar proceeding.

Commonwealth's Exhibit "A"—Application for Parole to the Board of Trustees of Western State Penitentiary of Pennsylvania, dated Jan. 17, 1936.

Commonwealth's Exhibit "B"—Record of proceedings of the New Haven County Superior Court, State of Connecticut.

Commonwealth's Exhibit "C"—Record of proceedings in County of Winnebago, State of Wisconsin.

Commonwealth's Exhibit "D"—Record of proceedings in the Court of Common Pleas of Allegheny County, Pennsylvania, more particularly the habeas corpus action, No. 1623 April Term 1946.

Commonwealth's Exhibit "E"—Record of proceedings in the Superior Court of Pennsylvania, habeas corpus action, No. 1623 April Term 1946.

Commonwealth's Exhibit "F"—Record of proceedings in the Supreme Court of Pennsylvania, habeas corpus action, No. 1623 April Term 1946.

Commonwealth's Exhibit "G"—Record of proceedings in the Supreme Court of the United States, habeas corpus action, No. 1623 April Term 1946.

Commonwealth's Exhibit "H"—Record of proceedings of the Parole Board of the Commonwealth of Pennsylvania.

Commonwealth's Exhibit "I"—Petition for writ of habeas corpus filed in the Court of Common Pleas of Allegheny County, Pennsylvania, Miscellaneous Docket No. 1633, refused April 2, 1951.

Commonwealth's Exhibit "J"—Appeal to the Superior Court of the Commonwealth of Pennsylvania, judgment of lower court affirmed, 98 April Term 1951.

Commonwealth's Exhibit "K"—Appeal to the Supreme Court of Pennsylvania at No. 1827A refused; judgment of lower court affirmed. Commonwealth ex rel. Collins v. Claudy, 170 Pa.Super. 199, 85 A.2d 663.

Commonwealth's Exhibit "L"—Application for writ of certiorari to the Supreme Court of the United States, Miscellaneous Docket 444, refused May 19, 1952. Collins v. Claudy, 343 U.S. 954, 72 S.Ct. 1048.

Petitioner's Exhibits 2, 3 and 4 are each distinguishable from the case at bar and do not, therefore, determine the case at issue.

■ No stenographic notes or record was made at the time of the plea and imposition of sentence. If this procedure were required, which must be through legislative action, the maze and confusion which exists in habeas corpus actions would be substantially relieved.

A sentencing judge knows nothing of the previous record of an accused. The only logical conclusion that can, therefore, be reached is that the judge who imposed the sentence had presented to him the conviction of the petitioner of a similar offense in the State of Connecticut within the period of five years prior to the offense upon which sentence was imposed in the Pennsylvania court. If this were not true, it would not have been certified on the indictment by either the Clerk of Courts, his deputy, or the trial judge that the sentence was being imposed on the basis of the Pennsylvania Habitual Criminal Act.

The complete record of a criminal proceeding is the arraignment, the plea, the judgment, and the sentence which, in this case, are all endorsed on the cover of the indictment and subscribed to by the trial judge. I am convinced that the strong presumption in favor of regularity and accuracy of the record has not been overcome by the petitioner. U. S. ex rel. Monaghan v. Burke, Warden, 3 Cir., 196 F.2d 785.

The Court has considered all the records in this jurisdiction and in the United States Court of Appeals for the Third Circuit. In chronological order the same are as follows:

(a) Denial of petition for writ of habeas corpus. U. S. ex rel. Collins v. Ashe, D.C., 74 F.Supp. 987.

(b) Order vacating and remanding to District Court. 3 Cir., 175 F.2d 555.

(c) Order of denial of petition for writ of habeas corpus. D.C., 80 F.Supp. 914.

(d) Order vacating and remanding to District Court. 3 Cir., 176 F.2d 606.

(e) Writ of habeas corpus refused. Lack of jurisdiction. D.C., 90 F.Supp. 463.

Petitioner contends that he has been denied rights under the Constitution of the United States in that his confinement is an illegal restraint of liberty, contrary and repugnant to the due process of law clause of Amendment XIV to the Constitution of the United States of America, and in direct violation of the inalienable rights guaranteed in Amendment VI of the Constitution of the United States of America, and Article 1 Section 1 of the Constitution of the Commonwealth of Pennsylvania, P.S.

In support thereof, the petitioner persists that since in the indictment, to which a plea of guilty was entered in the Court of Common Pleas of Allegheny County on May 25, 1931, no reference was set forth therein that the petitioner was being prosecuted under the Pennsylvania Habitual Criminal Act, he is deprived of his liberty without due process of law. Petitioner further contends that his recommitment as a parole violator is a denial of his rights under the Constitution of the United States.

■ Since the petitioner committed a crime during his parole punishable by imprisonment, he is not entitled to credit against the unexpired maximum term of his sentence for the time he was out of prison as the result of such parole. Credit is only given a parole violator for the time he is out of prison as a result of his parole where he is recommitted for a breach of his parole based on a violation of a rule of the Parole Board. Commonwealth ex rel. Tate v. Burke, Warden, 364 Pa. 179, 71 A.2d 241.

The Parole Board of the Commonwealth of Pennsylvania, therefore, acted in accordance with the law in the State of Pennsylvania. Section 10 of the Act of 1911, as amended in 1915, as last amended by the Act of June 22, 1931, P.L. 862, 61 Pa.P.S. § 305 et seq.; United States ex rel. Pavloc v. Board of Parole of the Commonwealth of Pennsylvania, D.C., 81 F.Supp. 592.

In view of the fact that petitioner was committed to the Western State Penitentiary as a crime parole violator on January 7, 1946, to serve the balance of the maximum sentence imposed of twenty years, there remained a balance of the maximum sentence of ten years and six months.

372

Since sentence was originally imposed by the Court of Quarter Sessions of Allegheny County on May 25, 1931, for a period of five to twenty years, if the petitioner had not been a crime parole violator, his maximum sentence would have expired on May 25, 1951.

Petitioner was paroled on November 25, 1940, was arrested in Oshkosh, Wisconsin, on January 20, 1942, and on April 20, 1942 was sentenced to the State Penitentiary in Wisconsin to serve one to five years for burglary.

The Pennsylvania Board of Parole ordered the petitioner returned to the Western State Penitentiary on August 3, 1943 as a convicted parole violator, on which date he was released from the Penitentiary in the State of Wisconsin. Since the petitioner owed ten years and six months back parole time at the time of the commission of the offense in the State of Wisconsin, his present maximum sentence will not expire until July 5, 1956.

The Commonwealth of Pennsylvania contends that it is not necessary in sentencing a criminal under the Pennsylvania Habitual Criminal Act, that he be formerly indicted as such a criminal; that under the circumstances which exist, since the petitioner at the time sentence was imposed on May 25, 1931 fell within the provisions of the Habitual Criminal Act and the Court who imposed the sentence specifically premised the imposition thereof on the basis of the Habitual Criminal Act, the sentence is proper and the petitioner is not deprived of his liberty without due process of law.

It appears that at the time the petitioner filed his application for parole on January 17, 1936, he admitted in his own handwriting that he had been committed to a penitentiary in the State of Connecticut for the crime of attempted burglary and that the sentence imposed in that jurisdiction was for a period of one year to one year and three months.

▮ As to the rights of the petitioner under the law of the Commonwealth of Pennsylvania, the appellate courts have held that although the petitioner was neither accused formally by indictment or otherwise, the circumstances to which Section 1 of the Act of 1929, P.L. 854, 19 Pa.P.S. § 921, had application do not require a formal indictment as an indispensable requisite to a valid increase of a sentence under said Act, upon conviction of a defendant for a second offense specified in said Act. Commonwealth ex rel. Collins v. Ashe, 159 Pa.Super. 553, 49 A.2d 265, 266, writ of certiorari denied, Supreme Court of Pennsylvania, Miscellaneous Docket 1435A.

▮ This Act, although in effect at the time sentence was imposed and would, therefore, govern, has been repealed by the Penal Code of 1939, P.L. 872, and substantially re-enacted by Section 1108, 18 Pa. P.S. § 5108.

Although the same question as to denial of constitutional rights was raised in both courts, State and Federal, I cannot agree with my departed brother, the Honorable R. M. Gibson, that Federal ground was passed upon by the State courts. In fact, the Superior Court, Commonwealth ex rel. Collins v. Ashe, supra, holds in no uncertain expression to the contrary:

"It is unnecessary, under the circumstances of this case, to decide the basic questions raised * * *." (Italics supplied.)

This means that the State courts did not pass upon the federal question as to whether the petitioner is being deprived of his liberty and is imprisoned without due process of law.

Therefore, the problem of determining whether the federal question was resolved, or whether the decision of the State tribunal rested upon adequate non-federal grounds, does not become difficult in the instant case for the reason that the appellate court in its opinion specifically states that it is unnecessary, under the circumstances, to decide the basic questions which have been raised.

Has the petitioner been denied rights given to him by the Constitution of the United States, and is he being deprived of his liberty without due process of law?

Throughout the whole of the proceeding in the State courts and at the time sentence was imposed, the petitioner was represented by legal counsel.

It is specifically set forth on the indictment that at the time sentence was imposed

by the trial judge on May 25, 1931, judgment was being entered pursuant to the Habitual Criminal Act of the Commonwealth of Pennsylvania.

The Act of 1929, supra, by its terms imposes no requirement that sentences increased thereunder specifically disclose that such extended term is imposed in accordance with the Act. Section 5 of the Act, 19 P.S.Pa. § 925, unquestionably indicates that such requirement does not exist. It says, "A person need not be formally indicted and convicted as a previous offender in order to be sentenced under this act." Commonwealth ex rel. Cody v. Smith, Warden, 327 Pa. 311, 315, 193 A. 38.

There is no question that the petitioner committed a crime to which the Act is applicable within the five year period contemplated therein. He admits said fact to be true.

 The Act of 1929, supra, provides merely for the punishment of the crime committed within the state, and after the passing of the Act, by making a sentence greater if the defendant had committed previous offenses. Said Act does not violate the provisions of the Federal and State Constitutions in that it punishes a defendant twice for the same offense. Commonwealth ex rel. Foster v. Ashe, Warden, 336 Pa. 238, 8 A.2d 542.

It is not the previous crimes upon which the defendant is again indicted, tried or sentenced, but they are taken into consideration only in order to determine the punishment to be imposed for the crime then under consideration; it being a well known principle of penology that an habitual criminal should receive a more severe sentence than a first offender. Commonwealth ex rel. Foster v. Ashe, Warden, supra.

The sentence as an habitual criminal is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes. It is a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one. Gryger v. Burke, Warden, 334 U.S. 728, 68 S.Ct. 1256, 92 L.Ed. 1683.

It is for the Pennsylvania courts to say whether the sentencing judge made an error in construing the Pennsylvania Habitual Criminal Act, and an error by a State court in construing State law is not a denial of due process under the Federal Constitution. Gryger v. Burke, Warden, supra.

There is nothing in the record in the instant case which impeaches the fairness and temperateness with which the trial judge approached his task. His action has been affirmed by the highest court in the Commonwealth of Pennsylvania. Gryger v. Burke, Warden, supra.

The sentence imposed by the State court was not contrary to the Pennsylvania Habitual Criminal Act, and the petitioner has not been denied any rights given to him by the Constitution of the United States.

Although I feel the sentence was severe, this is not such a case as would require the Federal courts to interfere with the administration of justice in the State courts, and discharge the petitioner through a habeas corpus proceeding. The Parole Board in the Commonwealth of Pennsylvania is the agency through whom the severity of the sentence may be considered.

The petitioner's application for writ of habeas corpus is denied.

An appropriate order is entered.