**Earl Eugene FITZPATRICK, Appellant,**

**v.**

**Wayne K. PATTERSON, Warden, Colorado State Penitentiary, Appellee.**

**No. 9001.**

United States Court of Appeals
Tenth Circuit.

Feb. 8, 1967.

Arthur J. Stanley, Jr., J., dissented.

Robert C. Bailey, Oklahoma City, Okl., for appellant.

James W. Creamer, Jr., Denver, Colo. (Duke W. Dunbar, Atty. Gen. of Colorado, Frank E. Hickey, Deputy Atty. Gen., were with him on the brief), for appellee.

Before LEWIS and ALDRICH,* Circuit Judges, and STANLEY, District Judge.

PER CURIAM.

This is an appeal by a confined Colorado state prisoner seeking reversal of an order of the United States District Court for the District of Colorado summarily denying his application for a writ of habeas corpus. Appellee was not required to and did not appear in the proceedings below.

Appellant set forth in his petition for a writ multiple grounds as premises for his alleged unlawful confinement. The petition also alleged that appellant's conviction had been reviewed and all his contentions rejected by the Colorado Supreme Court. Fitzpatrick v. People, Colo., 412 P.2d 893. The district court in its order stated that the opinion of the Supreme Court of Colorado indicated that two of appellant's present contentions had been considered by the high state court; that these two contentions, one pertaining to venue and one to error in the admission of certain testimony, were not cognizable in federal habeas corpus; and that appellant's other contentions, constitutional in nature, had "never been submitted to any Colorado court for consideration."

It is apparent that the trial court's decision to defer jurisdiction under 28 U.S.C. § 2254 was premised upon a reading of the state court opinion. The state now concedes (it being its first opportunity to do so) that a special brief was filed in the state appeal which contains the constitutional objections now asserted in appellant's application for a writ and which do not reflect in the state court opinion. The state urges that the subject contentions were not properly before the high state court but appellant counters by arguing that the state has deliberately taken a procedural exit to the consideration of constitutional problems. We think such controversy should first be presented to the trial court and the case is remanded for such purpose.

ARTHUR J. STANLEY, Jr., District Judge.

I would affirm.

Appellant was convicted by a jury in a Colorado state court. He was provided with counsel to prosecute an appeal to the Supreme Court of Colorado and that court affirmed the judgment of conviction. Fitzpatrick v. People, Colo., 412 P. 2d 893. In his application for habeas corpus relief, appellant alleged, conclusionally, that he had exhausted his state remedies, including resort to the remedy provided by Rule 35(b), Colorado Rules of Criminal Procedure. This statement is followed, however, by a factual recitation of the steps taken by him in his pursuit of state remedies in which it conclusively appears that he has not sought post-conviction relief under Colorado Rule 35(b).

In its opinion affirming appellant's conviction, the Colorado Supreme Court discussed appellant's attacks upon venue and upon the admission of evidence. The district court held that as to these grounds appellant had exhausted state remedies and concluded, correctly, that neither was a ground for federal habeas corpus relief. See Carrillo v. United States, 332 F.2d 202 (10th Cir. 1964). In his habeas corpus application, appellant raised several grounds not dealt with in the opinion of the Colorado Supreme Court. These grounds, he says, were presented to that court and not de-

---

* Of the First Circuit, sitting by designation.

cided by it. In his brief before us, he explains this by saying that he himself, although his attorney had in his brief urged four assignments of error, "in a somewhat unusual procedure, prepared and filed in his own behalf, a brief with the Colorado Supreme Court" containing additional grounds. The district judge held that the newly asserted grounds had not been presented to any Colorado court for consideration and concluded that appellant had not, as to them, exhausted state remedies.

The district judge was not required to assume erroneous action by the Supreme Court of Colorado. Toth v. Silbert, 184 F.Supp. 163 (N.D.Ohio 1960). On the contrary, he had the right to assume the regularity of proceedings in that court, Voorhees v. Jackson, ex dem. The President, Directors and Company of the Bank of the United States, 35 U.S. 449, 472, 10 Pet. 449, 9 L.Ed. 490, and to take judicial notice of all records and proceedings in that court. Jones v. Attorney General, 278 F.2d 699 (8th Cir. 1960); United States ex rel. Collins v. Ashe, 90 F.Supp. 463 (W.D.Penna.1950). We, too, may take judicial notice of the proceedings in the state supreme court, Brady v. Beams, 132 F.2d 985 (10th Cir. 1942), and in my opinion the record on petitioner's direct appeal as recited in appellant's brief shows that he did not properly present the questions he raised in his habeas corpus application. The Colorado Supreme Court was not required to consider on review questions not mentioned in or covered by an assignment of error. Patton v. People, 74 Colo. 322, 321 P. 1086. I do not believe that we should hold that petitioner by the "somewhat unusual procedure" employed by him could require the Supreme Court of Colorado to consider matters not properly before it under its rules of practice.

With due deference to my brethren, I would hold that the factual allegations of the application prevail over appellant's bald statement that state remedies had been exhausted; that it should be presumed that the Supreme Court of Colorado considered and decided all questions properly before it under its rules of practice; that a defendant may not, on appeal from a state conviction, disregard the rules of the appellate court and be heard thereafter on his claim that questions not properly presented were in fact presented to that court and ignored by it; that appellant still has available to him the remedies provided by Colorado Rule 35(b), and therefore has not exhausted state remedies; and that the district court correctly concluded that appellant had not exhausted remedies still available to him under Colorado law.