## Commonwealth v. Vitale, Appellant.

*Criminal law—Murder—Accessory before the fact—Guilt of principal—Record of principal's conviction.*

Where a defendant is indicted as principal for murder but is tried as accessory before the fact, it is reversible error for the court to admit in evidence the record of the trial of another as principal charged with the actual killing showing that the latter had been found guilty of murder of the first degree by a jury when a motion for a new trial was pending and no judgment had been entered upon the verdict.

Argued May 17, 1915. Appeal, No. 194, Jan. T., 1915, by defendant, from judgment of O. & T. Lancaster Co., April Sessions, 1914, No. 71, on verdict of guilty of murder of the first degree in case of Commonwealth of Penn-

sylvania v. Tony Vitale.   Before BROWN, C. J., MES-
TREZAT, POTTER, MOSCHZISKER and FRAZER, JJ.   Re-
versed.

Indictment for murder.   Before LANDIS, P. J.
The facts appear by the opinion of the Supreme Court.
The jury found a verdict of guilty of murder of the
first degree.   Defendant appealed.

*Error assigned,* among others, was in admitting in
evidence the record showing that Rocco Tassone had
been found guilty by a jury of murder of the first degree.

*John E. Malone,* for appellant.

*John M. Groff,* District Attorney, with him *Charles
W. Eaby,* Assistant District Attorney, for appellee.

OPINION BY MR. CHIEF JUSTICE BROWN, July 3, 1915:
Any person who is an accessory before the fact to a
felony may be indicted, tried and convicted as if he were
the principal felon: Act of March 31, 1860, Sec. 44, P.
L. 440.  Tony Vitale, the appellant, was indicted as a
principal for the murder of Tony Collata, but was tried
as an accessory before the fact and found guilty of mur-
der of the first degree.   The principal charged with the
actual killing was Rocco Tassone, who was found guilty
by a jury in the court below on the same day that this
appellant was placed on trial.
On the trial of the appellant the Commonwealth
called a dozen witnesses for the purpose of proving the
guilt of Tassone, the principal, and then offered in evi-
dence for the same purpose the record showing that he
had been found guilty by a jury.   This record was ad-
mitted under objection by the prisoner's counsel, and by
the first assignment its admission is alleged as error be-
cause no judgment had been entered on the verdict re-
turned against the principal.   In his charge to the jury

the instruction of the learned trial judge was that the appellant could not be convicted unless the jury found that Tassone was guilty of the murder, and that the prisoner had instigated, or procured, or counselled, or commanded him to commit it.  The jury were further told that Tassone had been indicted for the murder of Collata and had "been convicted by a jury in this court of murder in the first degree."  This, in effect, was saying to the jury that the principal charged with the crime was guilty of it, but that was a vital question of fact to be established by competent evidence.

At the present term of the court, in Commonwealth v. Minnich, 250 Pa. 363, we had before us the identical question raised by the appellant's first assignment of error, and, in an opinion this day filed in that case by Mr. Justice STEWART, it clearly appears that the said assignment must be sustained, for the reason that judgment had not been entered on the verdict of guilty against Tassone at the time the record of it was offered in evidence.  We need not here repeat the reasons for a long settled rule of the common law, departure from which might at times result in appalling injustice, as a moment's reflection will show.  What must have been regarded by the jury —especially under the quoted portion of the charge—as conclusive evidence of Tassone's guilt was the record showing the return of the verdict pronouncing him guilty.  His motion for a new trial, however, might have prevailed, and he might afterwards have been acquitted by another jury, but in the meantime the life of this appellant, as an alleged accessory before the fact, might have been taken as a forfeit to the law for an offense which a jury subsequently declared had never been committed by the alleged principal.  It is true that judgment was in due time entered on the verdict against Tassone, and it was affirmed by this court: Commonwealth v. Tassone, 246 Pa. 543; but the question of strict law still is, Did the court below err in admitting incompetent evidence at the trial of the prisoner?  If it

did, the judgment against him must be reversed.   In State v. Duncan, 28 N. C. 98, the situation was the same as the one here presented, and the accessory was awarded a new trial.   In the course of an exhaustive opinion the court said, through the learned Chief Justice RUFFIN: "The judgment against the prisoner, Duncan, must be reversed.   It is true, that we now know that the conviction of the principal was a due conviction, as the judgment against him has been affirmed by ourselves; and, if this were addressed to our discretion, as on a motion for a new trial, we might refuse it, as not advancing the justice of the case.   But the question is one of strict law—Whether there was error in admitting incompetent evidence upon the trial of the prisoner; and if there was an error committed in that respect, we are obliged to award a venire de novo."

Appellant's complaint of the trial judge's unqualified refusal of the points which are the subjects of the second, third, fourth, fifth and sixth assignments is not without merit.   It is averred by learned counsel for the appellant, and not denied by the Commonwealth, that, on the trial of another accessory before the fact, which immediately followed the trial of this appellant, the same points were not refused.   As the case must be retried, it may be assumed that if these points should be again presented, the learned trial judge will follow his answers given on the trial of the other accessory.   The seventh assignment calls for no discussion.

The judgment is reversed on the first assignment of error, and the record is ordered to be remanded to the court below, together with a copy of this opinion, setting forth the cause of reversal, for further proceeding in the said court, and a venire facias de novo is awarded.