Commonwealth ex rel. Arnold *v.* Ashe, Warden.

Argued November 13, 1944. Before Keller, P. J., Baldrige, Rhodes, Hirt, Reno and James, JJ.

452

454

*Louis L. Kaufman,* with him *Russell H. Adams,* District Attorney, for appellant.

*Jacob Shulgold,* for appellee.

OPINION BY KELLER, P. J.:

The order of the court below is fully sustained by the well considered opinion of Judge EGAN. It is affirmed on that opinion.

We recognize that the Act of April 29, 1929, P. L. 854,[1] which was in force when the sentences were imposed on relator under indictments to Nos. 742 and 743 June Sessions, 1934, provides in section 5 that a person need not be formally indicted and convicted as a previous offender in order to be sentenced for a second or subsequent offense under that act; and that the case of *Com. ex rel. Cody v. Smith,* 327 Pa. 311, 193 A. 38, holds that it is not necessary that the *sentence* imposed for a second offense should *therein state specifically* that it was increased by reason of the provisions of the Act of 1929, supra. Nevertheless, we are of opinion that there should be some *proceeding of record* by which it appears that the person sentenced was the same person who had previously been convicted, either within or without this Commonwealth, within five years, of one of the crimes specified in section 1 of the Act (now Section 1108(a) of the Penal Code of 1939). And the term 'conviction' is used in the act in its legal technical sense, as meaning "the ascertainment of the guilt of the accused *and* judgment thereon by the court, implying not only a verdict but judgment or sentence thereon": *Com. v. Minnich,* 250 Pa. 363, 367, 95 A. 565; *Com. v. Vitale,* 250 Pa. 548, 550, 95 A. 723. The defendant has a right to know at the time of his sentence that it has been increased because of his prior conviction of a crime falling within the category stated in the act, within the previous five years, as defined in said act (sec. 3 of the Act of 1929, sec. 1108(c) of the Penal Code of 1939), so that he can appeal if he denies that he was the person alleged to have been previously con-

---

[1] Repealed but re-enacted by the Penal Code of 1939, P. L. 872. See sec. 1108(e).

victed, or that he was so convicted within the previous five years, as defined in the act. The facts on which the doubling of the term of a sentence depends should not rest in the undisclosed knowledge of the court but should appear plainly of record somewhere so that the authority for the increased sentence is clearly established.

Order affirmed.

PER CURIAM, January 25, 1945:

The foregoing opinion had been prepared by President Judge KELLER before his death on January 16, 1945. It is now adopted and filed as the opinion of the Court.