ELLIS *v.* DIXON ᴇᴛ ᴀʟ., MEMBERS OF THE BOARD
OF EDUCATION OF THE CITY OF YONKERS.

No. 20. Argued October 18, 1954.—Reargued April 20, 1955.—
Decided June 6, 1955.

*Emanuel Redfield* argued the cause and filed the briefs
for petitioner.

*J. Raymond Hannon* argued the cause for respondents.
With him on the brief was *John Preston Phillips.*

*Daniel T. Scannell* argued the cause for the City of New York, as *amicus curiae,* urging affirmance. With him on the briefs were *Peter Campbell Brown, Seymour B. Quel* and *Helen R. Cassidy.*

Mr. Justice Harlan delivered the opinion of the Court.

Upon reargument the Court has come to the conclusion that the writ of certiorari[1] should be dismissed as improvidently granted.

The New York Court of Appeals denied petitioner's motion for leave to appeal without stating any ground for its decision. 306 N. Y. 981. In these circumstances we must ascertain whether that court's decision "might" have rested on a nonfederal ground, for if it did we must decline to take jurisdiction. *Stembridge* v. *Georgia,* 343 U. S. 541, 547 (1952); see also *Lynch* v. *New York ex rel. Pierson,* 293 U. S. 52, 54 (1934). We approach the matter first by considering what the petitioner has alleged as a basis for the constitutional issues which he asks us to review on the merits.

The constitutional questions involved are whether respondents, members of the Yonkers Board of Education, in refusing the use of any of the Yonkers public school buildings to the Yonkers Committee for Peace for a forum on "peace and war," discriminated against the Committee, so as to deprive the Committee's members of their rights of freedom of speech, assembly, and equal protection of the laws, under the First and Fourteenth Amendments.

Petitioner concedes that a State may withhold its school facilities altogether from use by nonscholastic groups. It is implicit in this concession that petitioner also recognizes that a State may make reasonable clas-

---

[1] Certiorari was granted. 347 U. S. 926. The case was set for reargument both on the merits and as to the jurisdiction of this Court. 348 U. S. 881.

sifications in determining the extent to which its schools shall be available for nonscholastic uses, and petitioner has not attacked on this score the classifications made by the applicable New York statute and respondents' regulations.[2] The question of whether the regulations are unconstitutionally vague was not raised below, and hence is not open here. Therefore the burden of petitioner's grievance would seem to be that respondents have applied the statute and regulations to similar groups differently than they have to the Committee for Peace. And yet petitioner has failed to allege in his pleading, which upon respondents' motion was dismissed prior to answer, that other organizations of a similar character to the Committee for Peace have been allowed use of the Yonkers schools. The allegations of that pleading simply are that unnamed and undescribed "organizations" have been allowed to use Yonkers school buildings in the past "for the purpose of public assembly and discussion." [3]

---

[2] The state statute, insofar as applicable here, allows each board of education to adopt reasonable regulations for the use of school property, when not in use for school purposes, for any of the following purposes: "For holding social, civic and recreational meetings and entertainments, and other uses pertaining to the welfare of the community . . . ," "For meetings, entertainments and occasions where admission fees are charged, when the proceeds thereof are to be expended for an educational or charitable purpose . . ." and "For civic forums and community centers. . . ." N. Y. Education Law, § 414 (3), (4), (6). It is not clear whether this last use is restricted by subsequent language in the section so as to permit only such forums as are established by the board of education.

The regulations adopted by respondents do not enlarge upon these classifications in the statute.

[3] After reciting the respondents' refusal to permit the Committee for Peace to use any of the Yonkers school buildings on two occasions in 1952, the petition goes on to allege:

"14. That pursuant to Section 414 of the Education Law of the State of New York, the respondents, and/or their predecessors, as members of the Board of Education of the City of Yonkers, adopted

Whether such organizations are in any way comparable to the Committee for Peace nowhere appears in the pleading.[4] And what the practice of the Board of Education has been in permitting the nonscholastic use of school buildings is not shown.

---

regulations for the use of the schoolhouses, grounds or other property when not in use for school purposes in Yonkers, New York, whereby organizations at all times herein mentioned were and are permitted the use of the school buildings when not in use.

"15. That at all times herein mentioned and at all times since the adoption of the aforesaid regulations, the school buildings, grounds and property of and in the City of Yonkers have on numerous occasions (whose number are best known to respondents and at such numerous times and occasions that the practice is an accepted practice) been permitted to be used pursuant to Section 414 of the Education Law by organizations for the purpose of public assembly and discussion.

"16. That at no time herein mentioned did the respondents inform petitioner of the reason for the denial of his application, nor did they ask petitioner or his organization to fulfill any further requirements or conditions for permission to use by them of a school building in Yonkers, New York, for purposes of public assembly or discussion.

"17. That by reason of the action of the respondents in failing to give a reason for its action whereas permission is freely granted to others applying, it is evident that the respondents are concealing a design to discriminate against petitioner and his said organization, for which discrimination there is no foundation in law or fact, and that the acts of respondents are arbitrary and unreasonable.

"18. The action of respondents violates the right of petitioner and the constituent members of his organization of freedom of speech and assembly guaranteed by the Constitution of the United States and denies them the equal protection of the laws in violation of the Constitution of the United States."

[4] It may be noted that in an affidavit in support of the motion for leave to appeal to the Court of Appeals, petitioner's attorney sought to remedy this vital defect by including the assertion, "that other organizations similar to petitioner's have obtained similar use" of the schools from the Yonkers Board of Education. But it does not appear that petitioner ever sought to amend his pleading in these respects.

What has been alleged is entirely too amorphous to permit adjudication of the constitutional issues asserted. And we think the most reasonable inference from this record is that the Court of Appeals' denial of petitioner's motion for leave to appeal went on that ground, rather than on the ground, suggested on behalf of respondents, that in proceeding by way of leave to appeal rather than by an appeal as of right the petitioner had followed the wrong appellate route.[5] This conclusion is fortified by two additional circumstances. If the Court of Appeals had considered the constitutional issues adequately presented, it presumably would have saved petitioner's right to appeal as of right by putting its denial of leave to appeal on the ground that an appeal lay as of right. See N. Y. Civ. Prac. Act, § 592 (5)(a).[6] Otherwise we would

---

[5] New York has two methods of appeal to the Court of Appeals—an appeal as of right and by leave to appeal. An appeal as of right lies, inter alia, where there is "directly involved the construction of the constitution of the state or of the United States . . . ." N. Y. Const., Art. VI, § 7 (1); N. Y. Civ. Prac. Act, § 588 (1)(a). In all cases in which an appeal does not lie as of right, appeal is by leave of the Appellate Division or the Court of Appeals. N. Y. Const., Art. VI, § 7 (6); N. Y. Civ. Prac. Act, § 589. Had wrong appellate procedure been the reason for the Court of Appeals' denial of leave to appeal, its decision would have rested on an adequate nonfederal ground, depriving this Court of jurisdiction. Cf. Parker v. Illinois, 333 U. S. 571 (1948); Central Union Telephone Co. v. City of Edwardsville, 269 U. S. 190 (1925).

[6] This section provides that when leave to appeal is denied "upon the ground that the appeal would lie as of right," the appellant is automatically entitled to an additional 30 days after the denial to file an appeal as of right. The Court of Appeals has thus stated its ground of denial in many instances where leave to appeal was denied because an appeal lay as of right. See, e. g., In re Arbitration between E. Milius & Co. and Regal Shirt Corp., 305 N. Y. 562, 111 N. E. 2d 438 (1953); In re Brinn, 305 N. Y. 626, 111 N. E. 2d 738 (1953); In re Wuttke, 305 N. Y. 694, 112 N. E. 2d 777 (1953); In re Hecht, 305 N. Y. 800, 113 N. E. 2d 553 (1953); Auten v. Auten, 306 N. Y. 752, 118 N. E. 2d 110 (1954).

have to assume that the Court of Appeals desired to thwart review of the constitutional questions, an assumption wholly unjustified by this record. Furthermore, the decision of New York's intermediate appellate court against the petitioner was because of the insufficiency of his pleading.[7]

If the insufficiency of petitioner's pleading was the reason for the Court of Appeals' denial of leave to appeal, the past decisions of this Court still leave room for argument as to whether we should dismiss for lack of jurisdiction because the state court's decision rested on an adequate nonfederal ground. It is established law that this Court is not finally concluded by the state court's determination as to the sufficiency of pleadings asserting a federal right. Some of the cases seem to suggest that the scope of our review is limited to determining whether the state court has by-passed the federal right under forms of local procedure, from which it would seem to follow that if we find that such is not the case we should dismiss for want of jurisdiction. Cf. *American Railway Express Co.* v. *Levee,* 263 U. S. 19, 21 (1923); *Davis* v. *Wechsler,* 263 U. S. 22, 24 (1923). There can be no suggestion of by-passing in this instance. Other cases, however, indicate that we should accept jurisdiction and decide the sufficiency of the pleadings *de novo* for ourselves. See *Boyd* v. *Nebraska ex rel. Thayer,* 143 U. S. 135, 180 (1892); *Carter* v. *Texas,* 177 U. S. 442, 447 (1900); *First National Bank* v. *Anderson,* 269 U. S. 341, 346 (1926); *Brown* v. *Western Railway of Alabama,* 338 U. S. 294, 296 (1949). In the present case, the route which we travel would make

---

[7] In affirming the judgment of the court of first instance, the Appellate Division of the Supreme Court, Second Department, stated: "The proceeding was properly before the court. However, the petition does not allege facts which establish a clear legal right to the relief sought nor which establish that respondents failed to perform a duty enjoined by law." 281 App. Div. 987, 120 N. Y. S. 2d 854.

no difference in the result. Even if we were to look at the matter ourselves *de novo,* we could not on this vague and empty record decide the constitutional issues sought to be presented. This Court has often refused to decide constitutional questions on an inadequate record. See, *e. g., International Brotherhood of Teamsters* v. *Denver Milk Producers, Inc.,* 334 U. S. 809 (1948); *Rescue Army* v. *Municipal Court,* 331 U. S. 549, 575–585 (1947); *Aircraft & Diesel Equipment Corp.* v. *Hirsch,* 331 U. S. 752, 762–763 (1947); *Alabama State Federation of Labor* v. *McAdory,* 325 U. S. 450 (1945). In the circumstances of this case, we prefer to rest our decision on the ground that we lack jurisdiction. For if we could not ourselves decide on this record the constitutional issues tendered, we consider that by the same token the New York Court of Appeals was entirely justified in refusing to pass on them, and that we should therefore regard its denial of leave to appeal as resting on an adequate nonfederal ground. See *Vandalia R. Co.* v. *Indiana ex rel. South Bend,* 207 U. S. 359 (1907); *Brinkmeier* v. *Missouri P. R. Co.,* 224 U. S. 268 (1912).

We conclude that the writ of certiorari must be dismissed as improvidently granted.

*Dismissed.*

THE CHIEF JUSTICE, MR. JUSTICE BLACK, MR. JUSTICE DOUGLAS and MR. JUSTICE CLARK dissent, believing that the allegations of the petition are sufficient to state a case of discrimination under the Equal Protection Clause.