**Myers License**

*Robert F. Ruehl,* for appellant.
*Edward C. Connally,* for Commonwealth.

GARB, J., January 31, 1969.—Appellant has taken an appeal from an order of suspension of his motor vehicle operating privileges for a period of 90 days imposed under the point system, Act of January 24, 1966, P. L. (1965) 1497, sec. 2, 75 PS §619.1. Upon a hearing before this court we make the following

## FINDINGS OF FACT

1. On August 20, 1966, Merrill M. Myers was the holder of a valid motor vehicle operator's license in the Commonwealth of Pennsylvania, residing at 112 Hughes Avenue, Sellersville, Bucks County, Pa.

2. On the aforesaid date, at approximately 2:30 a.m., appellant was operating an automobile then and there owned by one Jack G. Burke, who was a passenger in said automobile, in the Borough of Mount Union, Huntingdon County, Pa.

3. At the aforesaid time and place appellant was stopped by a Mount Union Borough police officer and immediately arrested on view, taken before a justice of the peace in Mount Union and charged with speeding, apparently a violation of the Act of January 24, 1966, P. L. (1965) 1497, sec. 3, 75 PS §1002, a summary offense.

4. Appellant's request for a copy of the information or transcript or to have the information sent to him or to post bail were all refused. He was compelled to pay the sum of $15 as the only alternative to being placed in jail.

5. No hearing was held nor was there a finding of guilt.

6. Appellant did not plead guilty to the charges.

7. At the time in question, appellant was a part-time police officer employed by the Borough of Sellersville, Bucks County, Pa.

8. As a result of the certification to the Department of Revenue by the justice of the peace asserting ap-

pellant's conviction of this summary offense, six points were assessed against him, and upon his failure to attend driver training school an additional five points were added, as the result of which this suspension ensued.

## DISCUSSION

While there clearly is an appeal from a suspension under the point system (Kapp License, 44 D. & C. 2d 315 (1967), and MacBain License, 44 D. & C. 2d 151 (1967) ), the scope of review is not de novo but only to determine whether the requirements of section 619.1 have been met, that is to say whether appellant has been convicted of a violation of The Vehicle Code as amended and whether the computation of the secretary in assessing the points is correct: Virnelson Motor Vehicle Operator License Case, 212 Pa. Superior Ct. 359 (1968); Romm Motor Vehicle Operator License Case, 212 Pa. Superior Ct. 369 (1968); Baumer Motor Vehicle Operator License Case, 212 Pa. Superior Ct. 372 (1968); and Wall Motor Vehicle Operator License Case, 212 Pa. Superior Ct. 376 (1968). The merits of the suspension are no longer a matter for determination by either the Secretary of Revenue or the courts, and on appeal we may no longer make inquiry as to whether the violation of The Vehicle Code actually occurred: Virnelson Motor Vehicle Operator License Case, supra, and Romm Motor Vehicle Operator License Case, supra. However, defendant may show on appeal that he was not convicted or that the records or the computation of the Secretary are incorrect: Virnelson Motor Vehicle Operator License Case, supra. Appellant herein contends that he was not convicted and with this contention we agree.

We note preliminarily that the justice of the peace lacked jurisdiction to convict appellant in the alleged proceeding held during the early morning hours of

August 20, 1966. Appellant was arrested on view and required by the police officer to appear immediately before the justice of the peace.* Having been charged with a summary offense under The Vehicle Code, the arrest procedures are mandated by The Vehicle Code of April 29, 1959, P.L. 58, secs. 1201 and 1202, 75 PS §§1201 and 1202, which provide that an individual may not be arrested on view for a summary offense. An arrest on view may be made for an offense designated a felony or misdemeanor under section 1204, or by a State police officer under section 1214, but not by a borough police officer. See Commonwealth v. Gunther, 32 D. & C. 573, 86 Pitts. L. J. 340 (1938).

Standing alone, we do not believe that the magistrate's lack of jurisdiction to enter a finding of guilty would be a sufficient basis for us to sustain an appeal from what we consider to be a mandatory suspension under section 619.1 of The Vehicle Code, supra. However, considered in conjunction with all of the attendant circumstances of the proceeding with which we are concerned here, we are satisfied that there was in fact, no conviction. At common law and in present day common parlance, a person is considered convicted when he enters a plea of guilty or the jury returns a guilty verdict: Commonwealth ex rel. Trotter v. Hendrick, 197 Pa. Superior Ct. 230 (1962). For some purposes, the term "conviction" has been used in its legal technical sense as meaning the ascertainment of the guilt of the accused and judgment thereon by the court which would imply not only a verdict but judgment or sentence thereon: Commonwealth ex rel. Arnold v. Ashe, 156 Pa. Superior Ct. 451 (1944). The term apparently has both a popular and

---

* In fact, he was transported there in the police officer's vehicle.

technical meaning. As commonly understood, it means a verdict of guilty or a verdict entered upon a plea of guilty. For other purposes, it has been held to imply a judgment or sentence upon the verdict or plea: Commonwealth v. Palarino, 168 Pa. Superior Ct. 152 (1951) and Commonwealth v. Sutton, 125 Pa. Superior Ct. 407 (1937). Regardless of what definition we apply in this case, no conviction can be found. There having been no hearing held in the usually accepted sense, there could be no finding of guilt as in the nature of an adversary proceeding. Therefore, the only basis upon which a conviction could be sustained would be on the basis of the entry of a plea of guilty.

We fully recognize that the admission by payment of fine and costs by an accused may constitute an admission of conviction: Commonwealth v. Halteman, 192 Pa. Superior Ct. 379 (1960). However, we do not believe that the payment of the sum of $15 by appellant under the circumstances of this case constituted a plea of guilty. Appellant testified, and was corroborated by his two witnesses, that on the night in question he was arrested and taken immediately before the justice of the peace by the arresting officer. He was at that time, and continued to be at the time of the hearing before this court, a part-time police officer and, therefore, somewhat familiar with the proceedings. He testified that he had shown the police officer his driver's license and the registration card of the automobile at the scene of the arrest. As previously noted, he was taken in the police car to the office of the justice of the peace. At the justice of the peace's office, he was seated while one of the two police officers spoke with the justice of the peace. She typed something which appellant described as "an arrest copy." Appellant asked the justice of the peace what the charges were and he was advised that the

charges were speeding. He asked to have the information sent to him, which she refused, telling him that he had to pay a fine and costs of $15 on the spot. Appellant asked leave to post double the amount of the fine and costs as bail, apparently under the provisions of section 1205 of The Vehicle Code, and while the justice of the peace said nothing, the officer advised him that he would have to post $100 bail. When he attempted to post $100 bail, the officer told him that he would have to post an additional $100 for a charge of reckless driving which would be lodged against him if he insisted on posting bail, as well as an additional $100 for charges which would be lodged against the owner of the motor vehicle, who was a passenger and one of appellant's witnesses. Appellant asked permission to make a phone call but that request was denied him. Thus, confronted with the alternatives of posting $300, which he did not have, paying the sum of $15, or going to jail, he paid the $15. He got a receipt therefor, but his request for a copy of the information or transcript was refused. In fact, the officers refused to give him their names.

When appellant returned to Sellersville, he advised the chief of police of that borough what had occurred and the chief of police contacted the district attorney's office of Huntingdon County and was assured that appellant's $15 would be returned. To date nothing, apparently, has happened. Considering this totally improper and unlawful proceeding and the shockingly high-handed manner in which appellant was treated, we cannot afford this judicial fiasco the dignity of a court proceeding, and by no stretch of the imagination can we find that appellant was convicted of anything. Therefore, we have no reluctance whatsoever in sustaining the appeal from this license suspension.

We would note, in concluding, for what it may be

worth, that in the report of disposition of The Vehicle Code violation charge forwarded by the magistrate to the Department of Revenue, the justice of the peace indicates that the case was disposed of upon appellant's nonappearance and payment of fine and costs and not by a plea of guilty.

## ORDER

And now, January 31, 1969, the appeal from the order of the Secretary of Revenue suspending appellant's operating privilege for 90 days is hereby sustained and the suspension overruled.