USE OF SCHOOL FACILITIES A board of education in the exercise of its discretion under 70 O.S. 5-130 [70-5-130] (1971) with respect to the use of school facilities by private organizations may make reasonable classifications. A parent-teacher association may not be denied the use of school facilities if comparable organizations are permitted such use. However, whether such other organizations are comparable or whether the exclusion is otherwise reasonable is dependent upon a factual determination of the particular circumstances. The Attorney General has considered your request for an opinion wherein you ask, in effect, the following question: May a school board deny to a parent-teacher association the use of a school building for its meetings where local civic organizations are permitted such use? Title 70 O.S. 5-130 [70-5-130] (1971) authorizes boards of education to permit the use of school facilities for various purposes: "The board of education of any school district may, under such regulations and conditions as it may prescribe, open any school building and permit the use of any property belonging to such district for religious, political, literary, cultural, scientific, mechanical or agricultural purposes, and other purposes of general public interest and may make a reasonable charge to cover the cost of the use of such building and property." The statute does not require that a board of education permit the use of its facilities by private organizations. Rather, it vests discretion in the board of education with respect to such use which is to be exercised in accordance with regulations and conditions prescribed by the board. The United States Supreme Court in Ellis v. Dixon,349 U.S. 458, 99 L.Ed. 1231, 35 S.Ct. 850 (1954), considered an action brought by the Yonkers Committee for Peace seeking to compel the members of the Board of Education of Yonkers to permit the plaintiff organization to use a school house as a forum. The case was dismissed on jurisdictional grounds. However, the opinion recognizes: ". . . A State may withhold its school facilities altogether from use by non-scholastic groups (and) . . . a State may make reasonable classifications in determining the extent to which its schools shall be available for non-scholastic uses." The controlling New York statute in Ellis was quite similar to the Oklahoma statute (70 O.S. 5-130 [70-5-130] (1971)) in that boards of education were authorized to adopt reasonable regulations for use of school property for various specified purposes. The Court apparently recognizes that a statute or regulation may not be applied to "comparable" groups differently without violating the right of members of the excluded organization to equal protection of the laws. In Cannon v. Towner,70 N.Y.S. 2d 303 (1947), a board of education had permitted the use of a school auditorium for a vocal concert and the Court held that under the particular circumstances the permit was not revocable. The Court stated the following rule: ". . .In the first instance the discretion of the board is very broad and courts would be very loathe to interfere with its determination granting or refusing permission to use the school building. But even in that case the discretion cannot be arbitrarily exercised." In summary, the above authorities recognize that while a board of education, pursuant to a statute such as 70 O.S. 5-130 [70-5-130] (1971) possesses discretion as to what organizations may make use of school facilities, such discretion is not absolute and may not be exercised arbitrarily. That is, in the absence of circumstances making the exclusion reasonable such as where the organization is subversive, comparable organizations may not be treated differently by permitting use of school facilities to some but not to others. The question of whether a board of education has made reasonable classifications in the exercise of its discretion would depend upon the particular circumstances. In other words, while "comparable" organizations or groups may not be treated differently, whether or not such invalid treatment exists involves a determination of factual issues. Such a determination is not within the statutory scope of opinions of this office. It should be pointed out that this opinion relates solely to the question of the right to use school facilities and should not be construed as requiring official recognition of a parent-teacher association. It is, therefore, the opinion of the Attorney General that your question be answered as follows: A board of education in the exercise of its discretion under 70 O.S. 5-130 [70-5-130] (1971) with respect to the use of school facilities by private organizations may make reasonable classifications. A parent-teacher association may not be denied the use of school facilities if comparable organizations are permitted such use. However, whether such other organizations are comparable or whether the exclusion is otherwise reasonable is dependent upon a factual determination of the particular circumstances. (Joe C. Lockhart)