# Commonwealth v. Dolinak and Acqusto, Appellants.

*Criminal law—Robbery—Indictment—Sections 100 and 102 Criminal Code—Penalty—Act of March 31, 1860, P. L. 408—Act of April 18, 1919, P. L. 61.*

A sentence upon a plea of guilty of robbery is properly imposed in accordance with section 100 of the Act of March 31, 1860, P. L. 408, as amended by the Act of April 18, 1919, P. L. 61, where the indictment charged a joint commission of the robbery.

Section 102 of the Act of March 31, 1860, P. L. 408, as amended by the Act of April 18, 1919, P. L. 61, provides if any person shall rob another, or shall steal any property from the person of another, or shall assault any person with intent to rob him, etc., such person shall be guilty of a felony and, being convicted thereof, shall be sentenced to pay a fine not exceeding one thousand dollars, and undergo an imprisonment not exceeding five years.

The 100th section of the same act provides that if any person, being armed with an offensive weapon or instrument, shall rob, or assault with intent to rob, another, or shall, together with one or more persons, rob or assault with intent to rob, etc., the maximum penalty shall be twenty years.

Where the indictment charged the two defendants (naming them) with robbery, a sentence is properly imposed under the provisions of Section 100.

There could be no possible misapprehension that two occurrences were indicated or that two distinct offenses were committed by two separate individuals. The charge was stated with sufficient clearness and the defendants were thereby informed with certainty that they were to answer a charge of robbery in which they both participated.

Argued October 5, 1925. Appeals Nos. 6 and 7 February Term, 1926, by defendants from judgment and sentence of O. and T. Lackawanna County, January Sessions, 1925, No. 12, in the case of Commonwealth of Pennsylvania v. Stanley Dolinak and Charles Acqusto. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Indictment for robbery. Before EDWARDS, P. J.

The facts are stated in the opinion of the Superior Court.

The defendants entered a plea of guilty to the crime of robbery, and were sentenced to the State Penitentiary for a minimum term of 10 years and a maximum term of 20 years.

*Error assigned* was in sentencing the defendants.

*Clarence J. Wing,* and with him *Stanley M. Evans,* for appellants.

*Harold A. Scragg,* District Attorney, and with him *Joseph B. Jenkins,* Assistant District Attorney, for appellee.

OPINION BY TREXLER, J., November 20, 1925.

The indictment charged robbery. The defendants pleaded guilty. The court imposed a sentence of one

thousand dollars fine and an imprisonment of from 10 to 20 years. The defendants asked the court to modify the sentence, claiming that it was erroneously imposed under section 100 of the Act of March 31, 1860, P. L. 408, as amended by the Act of April 18, 1919, P. L. 61, instead of the 102nd section. The maximum sentence under the latter section is five years while under the former it is 20 years. The 102nd section provides: "if any person shall rob another, or shall steal any property from the person of another, or shall assault any person with intent to rob him, or shall, by menaces or by force, demand any property of another with intent to steal the same, such person shall be guilty of a felony, and being convicted thereof, shall be sentenced to pay a fine, not exceeding one thousand dollars, and to undergo an imprisonment, by separate or solitary confinement, not exceeding five years." The 100th section provides: "if any person, being armed with an offensive weapon or instrument, shall rob, or assault, with intent to rob another; or shall, together with one or more person or persons, rob or assault with intent to rob, or shall rob any person, and at the same time, or immediately before or immediately after such robbery, beat, strike or ill-use any person, or do violence to such person, the person so offending shall be guilty of a felony", and as amended as we have already stated, fixes the maximum penalty at 20 years. The two sections differ in several respects but as far as this case is concerned, we need but observe that section 100 contains a provision that the section shall apply when the crime is committed "together with one or more person or persons." The only question before us is, "Did the indictment sufficiently charge that the defendants committed the crime jointly"? If so, a sentence under section 100 was proper. The indictment charged that "Charles Acqusto *and* Stanley Dolinak" having on a certain date "with force and arms, etc., in and upon one Clarence Decker did

feloniously make an assault and him the said Clarence Decker of seventy dollars lawful money of the United States of America of the value of seventy dollars altogether of the value......the said Clarence Decker feloniously did rob, contrary to the form of the Act of the General Assembly, in such case made and provided and against the peace and dignity of the Commonwealth of Pennsylvania.'' Counsel for the defendants urges that the use of the word ''and'' does not imply a joint offense, but that ''with'' should have been used. We think not. The robbery is alleged to have been committed by the defendants on a certain date, on a particular person, and resulted in their obtaining from said person a certain sum of money. No one by any stretch of the meaning of the words, could properly conclude that two separate occurrences were indicated, and two distinct offenses committed by two separate individuals. The charge is stated with sufficient clearness and the defendants were thereby informed with certainty that they were to answer a charge of robbery in which they both participated.

The assignments are overruled. The judgment is affirmed, and it is ordered that the defendants appear in the court below at such time as they may be there called and that they be by that court committed until they have complied with that part of the sentence which had not been performed at the time this appeal was made a supersedeas.