## Commonwealth ex rel. Montanez v. Maroney

*Pedro Montanez*, p. p., relator.

*James C. Crumlish, Jr.*, District Attorney, for respondent.

SLOANE, P. J., October 19, 1962.—This is a petition for writ of habeas corpus which was denied and dismissed without hearing.

Relator was indicted along with two others for aggravated robbery. He was tried without a jury, adjudged guilty, and sentenced to a minimum of three years and a maximum of ten years in the State Correctional Institution at Philadelphia. Sentence was imposed on January 4, 1961.

Relator now questions the validity of the court's determination. His first contention is that as an integral part, a material element of aggravated robbery is proof of an "offensive weapon or instrument." That is so; but section 705 of the Penal Code of June 24, 1939, P. L. 872, 18 PS §4705, provides three culpable methods of criminality: (1) armed weapon; (2) two or more culprits; (3) violence.

Two of these instances are the instances here. This robbery was committed in company with two other defendants, and violence was done to the victim. The two other defendants were tried, convicted, and sentenced along with relator. The construction urged by relator disregards the plain language of the section itself: Commonwealth ex rel. Cody v. Smith, 327 Pa. 311.

It is also contended that the robbery was not proved. It was proved beyond a reasonable doubt. The victim, William Tyrus, testified that he had money in his pocket before the severe beating, and that it was not there later. The ready, simple inference is that the money was taken from him during the course of the beating, and the robbery was proved.

With it all, the sentence was within the simple robbery statute: 18 PS §4704.