UNITED STATES of America ex rel. Pedro MONTANEZ

v.

Alfred T. RUNDLE, Superintendent, State Correctional Institution, Philadelphia, Pennsylvania.

Misc. No. 2648.

United States District Court
E. D. Pennsylvania.

Jan. 23, 1964.

GRIM, District Judge.

In this habeas corpus action relator questions the validity of his conviction in 1960 on a bill of indictment charging aggravated robbery. Relator contends that one of the essential elements of the crime of aggravated robbery is proof that the defendant was armed with a weapon and that there was no such proof offered at his trial. Further he argues that the evidence introduced at trial was insufficient to prove that the victim was actually robbed of his money.

■ These same contentions have been raised by relator in a petition for a writ of habeas corpus to a Common Pleas Court of Philadelphia County. After consideration of the merits of relator's arguments, the petition was denied, 29 Pa.Dist. & Co.R.2d 383 (1962). That decision was affirmed on appeal, 200 Pa. Super. 424, 189 A.2d 597 (1963) and allocatur was refused by the Pennsylvania Supreme Court on May 31, 1963. The petition is properly before this court for decision. Since the court is of the opinion that the facts alleged in the petition are clear and present no issue of infringement of relator's constitutional rights, no hearing on the petition is necessary. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

■ The simple answer to relator's contention that he was convicted of aggravated robbery without any proof of an essential element of the crime is that he had misread the statute. The relevant provision of the 1939 Penal Code reads as follows:

"Whoever, being armed with an offensive weapon or instrument, robs or assaults with intent to rob another; *or*, together with one or more person or persons, robs or assaults with intent to rob; *or* robs any person, and at the same time, or immediately before or immediately after such robbery, beats, strikes, or ill-uses any person, or does violence to such person, is guilty of felony * * * 1939, June 24, P.L. 872, § 705." 18 P.S. § 4705 (emphasis supplied).

It is obvious that the crime is defined in the disjunctive. The element of *aggravation* can be supplied by any one of three different circumstances: (1) robbery with a weapon; (2) robbery with the assistance of another person or persons and (3) robbery accompanied by violence to the person robbed. Comm. ex rel. Cody v. Smith, 327 Pa. 311, 315, 193 A. 38 (1937); Commonwealth ex rel. Montanez v. Maroney, 29 Pa.Dist. & Co. R.2d 383 (1962).

There was ample evidence at the trial that the robbery was committed with the assistance of others and with violence to the victim. Relator was but one of three individuals tried and convicted of this robbery. The testimony of the victim and the arresting officer clearly proved the element of violence. (N. of T. p. 2–8). Relator's contention is without merit.

■ Relator's second contention questions the sufficiency of the evidence to prove the actual stealing of $1.30 from the pocket of the victim's trousers. An examination of the notes of testimony in this case demonstrates that there was sufficient evidence to sustain this finding. Moreover it is not the province of this court in ruling on this petition nor the purpose of the writ of habeas corpus to question the sufficiency of the evidence introduced at a trial. It is enough if

there is some evidence of the crime and that the evidence is not "tainted" with any constitutional infirmity. Faust v. North Carolina, 307 F.2d 869, 872 (4th Cir. 1962) cert. denied, 371 U.S. 964, 83 S.Ct. 547, 9 L.Ed.2d 511 (1963); See Thompson v. City of Louisville, 362 U.S. 199, 80 S.Ct. 624, 4 L.Ed.2d 654 (1960) and United States ex rel. DeMoss v. Commonwealth of Pennsylvania, 316 F.2d 841, 843 (3d Cir. 1963). There is substantial evidence of the crime in this case. The evidence is not tainted with any constitutional infirmity. Relator's contention is without merit.

## ORDER

And now, this 23rd day of January, 1964, the petition of Pedro Montanez for a writ of habeas corpus is denied.